UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

MARION FINCH IV,

      Plaintiff,
vs.

UNIVERSAL PROTECTION SERVICE, LLC,
d/b/a ALLIED SECURITY SERVICE",
a Foreign Limited Liability Company,

      Defendant
_____/

## COMPLAINT

Plaintiff MARION FINCH (hereinafter "Plaintiff") by and through the undersigned attorney, hereby sues Defendant UNIVERSAL PROTECTION SERVICE, LLC, a Foreign Limited Liability Company d/b/a ALLIED SECURITY SERVICE (hereinafter "Defendant") and states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages excluding attorneys' fees or costs and other relief based on unlawful employment practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(f) (42 U.S.C. § 2000e-5(f)), the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11, and the Fair Labor Standards Act, 29 U.S.C. §§ 201 , et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. The claims asserted in this Complaint arose in Miami Dade County, Florida during the course of Plaintiff's employment with Defendant.

4. Venue is proper in the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendant, which at all material times conducted, and continues to conduct, business in the Southern District of Florida, and because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida.

**PARTIES**

5. Plaintiff at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

6. Defendant is a foreign limited liability company organized and existing under and by virtue of the laws of Delaware and authorized to do business in Florida. Defendant had, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7. Defendant is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. At all times material to this Complaint, Defendant has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or material that have been moved in or produced for commerce including providing janitorial, staffing, and security systems.

9. Specifically, Defendant is company that provides janitorial, security, and staffing services. Defendant buys cleaning and security products that have been moved in for commerce in order to fulfill the different services requested by their customers.

10. Defendant upon knowledge and belief, has had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

11. Defendant is an "employer" of Plaintiff as the term is defined under 29 U.S.C. § 203(d).

## GENERAL ALLEGATIONS RELATED TO COUNTS I-IV

12. Plaintiff is a transgender individual, who during her employment transitioned from male to female. Plaintiff is a member of a class protected under Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act because the terms, conditions, and privileges of her employment were altered because of her sex, gender identity (transgender woman) and on the basis of sex stereotyping.

13. Plaintiff is a member of a class protected under the FCRA and Title VII because she complained of discrimination to Defendant and was terminated thereafter.

14. Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

15. Plaintiff alleges causes of action for violations of the FCRA, Title VII, as a result of the adverse treatment to which Defendant subjected Plaintiff, Defendant's dismissal of Plaintiff from employment.

16. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations.

17. Plaintiff's Charge was filed on or about December 7, 2021. The actions complained of herein occurred within 300 days thereof and/or continued from that date stemming from the same actions set forth in the Charge.

18. Plaintiff was issued a Notice of Right to Sue on December 5, 2022. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation. (a copy of the Notice is attached hereto as Exhibit "A").

19. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

20. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS RELATED TO ALL OTHER COUNTS

21. Plaintiff performed work for Defendant as a non-exempt full-time security officer and was compensated at an hourly rate from August 2021, to on or about November 2021.

22. At all times during Plaintiff's employment with Defendant, she was under the direct supervision of supervisors Kris (LNU) (female), Ricardo (LNU) (Male), and Alphonso (LNU) (Male).

23. At the beginning of her employment, Plaintiff advised her supervisors that she was transitioning.

24. On or around September 2021, Plaintiff arrived at work for her shift. Plaintiff has curly long hair and typically wore her hair on a ponytail. On this particular day, Plaintiff chose to wear her hair down.

25. When she arrived at work, Plaintiff was told by Ricardo that she needed to pick up her hair and wear her hair off her face. However, Plaintiff observed, during the course of her employment, many female employees wear their hair down without disciplinary action.

26. On another occasion, Plaintiff was reprimanded for wearing earrings and was asked to remove them. However, both male and female employees were allowed to wear earrings without disciplinary action.

27. Furthermore, during Plaintiff's employment, Plaintiff noticed that there were inconsistencies with her pay. First, Plaintiff noticed that she was compensated at a lower rate than the one she was hired at. Second, Plaintiff believed that there were workweeks when Defendant failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendant for which no provision was made to properly pay for those hours worked.

28. Specifically, based on the information currently available to Plaintiff at that time, she believed there were workweeks where Plaintiff's was not being compensated for all hours worked. Plaintiff made several complaints regarding the missing wages.

29. Specifically, on or about September 8, 2021, Plaintiff complained to supervisor Kris (LNU) regarding the inconsistencies with her pay rate and the missing hours. However, the complaints were not addressed. Shortly thereafter, Plaintiff was blocked from the application that allowed employees access to their hours and paystubs.

30. On September 30, 2021, Plaintiff went to work after getting her nails done. The next day, when she arrived at work, Plaintiff was told by Alphonso that she had been removed from her post and was sent home.

31. Plaintiff contacted Kris (LNU) to complain about the disparate treatment that she was subjected to when she was removed from her post. Specifically, Plaintiff complained to Kris (LNU) about being removed from her designated post without a reason as she felt that it was because of her transition.

32. Defendant then retaliated against Plaintiff for her complaints by reducing her hours, and ultimately terminating her employment.

33. Specifically, Plaintiff was offered one to two shifts on the weekends at a different post which represented a significant reduction to the hours Plaintiff worked.

34. Plaintiff continued complaining regarding the inconsistencies with her pay, the disparate treatment and the retaliation to Kris (LNU) to no avail between September 9, 2021, and October 7, 2021.

35. On October 7, 2021, Plaintiff included Ricardo (LNU) to the text message stating his complaints. At that point, Plaintiff was removed from the schedule and was told that there was no work available. However, upon information and belief, Defendant had hired two male employees during this time.

36. Plaintiff ultimately made multiple requests by phone and written communication to Kris (LNU) to be assigned to a different post between September 30, 2021 and her termination, all to no avail.

37. Finally, on November 4, 2021, Plaintiff was terminated without valid cause.

38. Defendants' justification(s) for its treatment of Plaintiff, if any, are a mere pretext for unlawful discrimination and retaliation.

39. If however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's complaints of improper pay, disparate treatment, and retaliation were motivating factors in the decision for adverse employment action(s).

40. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

**COUNT I**
**VIOLATION OF THE CIVIL RIGHTS ACT OF 1964**
**(DISPARATE TREATMENT BASED ON SEX)**

41. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-40 as if set out in full herein.

42. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§703(a), 706(a), and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was subjected to adverse employment actions because of her sex, gender identity (transgender woman) and on the basis of sex stereotyping.

43. During her tenure, Plaintiff performed her job satisfactory and was fully qualified for her position as a security guard.

44. Despite being well-qualified for her position, Plaintiff was subjected to disciplinary actions, reduction in pay and hours and was ultimately terminated on November 4, 2021.

45. Kris (LNU), Alphonso (LNU) and Ricardo (LNU), at all times relevant, were acting within the course and scope of their employment.

46. Kris (LNU), Alphonso (LNU) and Ricardo (LNU) mistreated Plaintiff by consistently treating her in a disparaging manner and/or removing her from her job post and significantly reducing Plaintiff's hours.

47. Defendant did not treat non-transgender similarly situated employees in this same manner.

48. Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

49. Defendant's failure to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

50. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on

account of her sex, gender identity (transgender woman) and on the basis of sex stereotyping, in violation of Act with respect to its decision to treat Plaintiff different from other non-transgender similarly situated employees.

51. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

52. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for her protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through their managers, supervisors, and/or other agents, authorized, condoned, and/or ratified the unlawful conduct of Defendant's employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

53. Defendant's stated reason(s) for terminating Plaintiff is pretextual.

54. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's sex, gender identity (transgender woman) and on the basis of sex stereotyping, were a motivating factor in the decision for the adverse employment action(s).

WHEREFORE, Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, § 706(g);

B. The Court award punitive damages as permitted under the law;

C. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay; and

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT II
## VIOLATION OF THE CIVIL RIGHTS ACT
## (RETALIATION)

55. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-40 as if set out in full herein.

56. Plaintiff complained to her supervisors, as set forth above, about the disparate treatment to which she was subjected, the preference her supervisors had towards non-transgender employees, and unfounded disciplinary actions.

57. Upon her best knowledge and belief, Plaintiff was terminated by Kris (LNU) and Ricardo (LNU) who were aware of her complaints.

58. As a direct result of Plaintiff's complaints of actions Plaintiff objectively perceived to be discriminatory in nature, Plaintiff was summarily disciplined, treated in a progressively worse manner, and ultimately terminated by Defendant.

59. Plaintiff's reduction in hours, termination and prior disciplinary action constitute adverse employment actions under Title VII of the Civil Rights Act of 1964.

60. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the Title VII. Defendant, by and through its managers, officers, supervisors, and/or agents, authorized, condoned, and/or

ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

61. Defendant's stated reason(s) for the adverse employment action(s) against Plaintiff, (if any) are pretextual.

62. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's complaints of disparate treatment, were a motivating factor in the decision for the adverse employment action(s).

WHEREFORE, Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate Plaintiff for past and future pecuniary losses, including injury to Plaintiff's professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, § 706(g);

B. The Court award punitive damages as permitted under the law;

C. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay; and

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT III
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (DISCRIMINATION BASED ON SEX)

63. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-40 as if set out in full herein.

64. Plaintiff is a member of a protected class under the Florida Civil Rights Act ("FCRA"), Sections 760.01-760.11, based on her sex, gender identity (transgender woman) and on the basis of sex stereotyping.

65. During her tenure, Plaintiff performed her job satisfactory and was fully qualified for her position as a security guard.

66. Despite being well-qualified for her position, Plaintiff was subjected to disciplinary actions, reduction in pay and reduction of hours and was ultimately terminated on November 4, 2021.

67. Kris (LNU), Alphonso (LNU) and Ricardo (LNU), at all times relevant, were acting within the course and scope of their employment.

68. Kris (LNU), Alphonso (LNU) and Ricardo (LNU) mistreated Plaintiff by consistently treating her in a disparaging manner and/or removing her from her job post and significantly reducing Plaintiff's hours.

69. Defendant did not treat non-transgender similarly situated employees in this same manner.

70. Defendant is a sophisticated employer who has actual knowledge of the requirements of FCRA.

71. Defendant's failure to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

72. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her sex, gender identity (transgender woman) and on the basis of sex stereotyping,

in violation of Act with respect to its decision to treat Plaintiff different from other similarly situated employees.

73. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

74. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for her protected rights under TFCRA. Defendant, by and through their managers, supervisors, and/or other agents, authorized, condoned, and/or ratified the unlawful conduct of Defendant's employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

75. Defendant's stated reason(s) for terminating Plaintiff is pretextual.

76. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's sex, gender identity (transgender woman) and on the basis of sex stereotyping, were a motivating factor in the decision for the adverse employment action(s).

WHEREFORE, Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate Plaintiff for past and future pecuniary losses, including injury to Plaintiff's professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, § 706(g);

B. The Court award punitive damages as permitted under the law;

C. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay; and

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

### COUNT IV
### VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
### (RETALIATION)

77. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-40 of this complaint as if set out in full herein.

78. Plaintiff brings this claim under the Florida Civil Rights Act, Florida Statutes § 760.01 et seq. for Defendant's retaliatory conduct.

79. Plaintiff complained to her supervisors, as set forth above, about the disparate treatment to which she was subjected, the preference her supervisors had towards non-transgender employees, and unfounded disciplinary actions.

80. Upon her best knowledge and belief, Plaintiff was terminated by Kris (LNU) and Ricardo (LNU) who were aware of her complaints.

81. As a direct result of Plaintiff's complaints of actions Plaintiff objectively perceived to be discriminatory in nature, Plaintiff was summarily disciplined, treated in a progressively worse manner, and ultimately terminated by Defendant.

82. Plaintiff's reduction in hours, termination and prior disciplinary action constitute adverse employment actions under the FCRA.

83. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the FCRA. Defendant, by and through its managers, officers, supervisors, and/or agents, authorized, condoned, and/or ratified the

unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

84. Defendant's stated reason(s) for the adverse employment action(s) against Plaintiff, (if any) are pretextual.

85. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's complaints of disparate treatment, were a motivating factor in the decision for the adverse employment action(s).

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendants to compensate Plaintiff for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to Plaintiff's professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

B. The Court award punitive damages as permitted under the law;

C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E. Any other relief this Court deems proper

## COUNT V
## FLSA RETALIATION

86. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1-11 and 21-40 of this complaint as if set out in full herein.

87. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

88. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provisions.

89. The motivating factor that caused Defendant's disparate treatment of Plaintiff as described above was Plaintiff's complaints for payment of her earned wages.

90. Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

WHEREFORE, Plaintiff respectfully pray for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C. Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E.  Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**DEMAND FOR JURY TRIAL**

Plaintiff, MARION FINCH demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: March 3, 2023

**PEREGONZA THE ATTORNEYS, PLLC**
5201 Blue Lagoon Drive,
Suite 290
Miami, FL 33126
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/ *Nathaly Saavedra*
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com